FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 FEB 23  AM 11: 09

KENNETH VOGEL,

      Plaintiff,

-vs-

    Case No.: 6:16-CV-317-ORL-18TBS

PLANTATION OAKS SENIOR
LIVING MANAGEMENT, LLC.,
a Florida For Profit Corporation,
and   GREGORY   MORRIS,
individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KENNETH VOGEL, was an employee of Defendants, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC., a Florida for profit corporation, and GREGORY MORRIS, individually, (hereinafter "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### I.    NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are

1

detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages or pre and post-judgment interest, and reasonable attorneys' fees and costs.

## II.    PARTIES

1.     Plaintiff was an employee working as a "construction worker" at Defendant's property within the last three years, performed related activities for Defendant in Orange County, Florida.

2.     Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC., owns and operates a company in the business of providing assisted living and care facilities for its clients.

2

3.     Defendant, GREGORY MORRIS, is the owner, General Manager and Registered Agent of the company.

### III.   JURISDICTION

4.     Plaintiff is an individual who at all relevant times worked for Defendants in Orange County, Florida.

5.     Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC., is a Florida for profit corporation that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

6.     Therefore, venue is proper in the Middle District of Florida, Orlando Division pursuant to 28 U.S.C. §1391(b)(1) & (c).

7.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

### IV.   COVERAGE

8.     At all material times relevant to this action, Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

9.     At all material times (2013 – 2015), Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC., was an employer as defined by 29 U.S.C. §203(d).

10.     At all material times (2013 – 2015), Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC., has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the Act, in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as healthcare supplies, medical supplies, cleaning products, personal care products, computer and office equipment, office supplies and telephones, etc.

11.     At all material times (2013-2015), Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC., has had, and continues to have, an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

V.     **FACTUAL ALLEGATIONS**

12.     During all relevant times, Plaintiff was an employee of the Defendants.

13.     Plaintiff worked as a "construction worker" for the Defendants.

14.     Plaintiff's duties included, but were no limited to, carpentry, painting, drywall, tile, trimming, etc.

4

15.     In this capacity, Plaintiff was paid a rate of pay of $30.00 per hour.

16.     Plaintiff's dates of employment were from approximately February 2012 through March 2014.

17.     Defendants agreed to pay Plaintiff wages for work performed by Plaintiff.

18.     Plaintiff accepted this agreement and did work for Defendants.

19.     At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week, and to ensure that Plaintiff was paid his complete wages.

20.     During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC.

22.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above as though fully stated herein.

23.     During all relevant times, Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24.     During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

25.     Plaintiff was only compensated "straight time" (his regular hourly rate) pay for overtime hours he worked for Defendant.

26.     Specifically, During his employment with Defendant, Plaintiff regularly worked over forty hours in a week, but did not receive complete compensation at the premium overtime rate of time and one half his regular rate of pay for *all* hours worked in excess of forty (40) per week.

27.     Defendant's activities in this regard resulted in Plaintiff not being paid and/or not receiving proper credit and pay for overtime hours worked on behalf of the Defendant.

28.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and

costs.

29.     In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

30.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31.     Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, KENNETH VOGEL, demands judgment against Defendant for the payment of all overtime hours at one and one-half times his regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest rate allowable by law, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RECOVERY OF OVERTIME COMPENSATION
## VERSUS GREGORY MORRIS, INDIVIDUALLY.

32.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

33.     Defendant, GREGORY MORRIS, is the owner, General Manager and Registered Agent of Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC.

34.     Defendant, GREGORY MORRIS, is the acting manager who acted with direct control over the work, pay, and job duties of Plaintiff.

35.     Defendant, GREGORY MORRIS, had the power to hire and fire Plaintiff.

36.     Defendant, GREGORY MORRIS, supervised and controlled Plaintiff's work schedule or conditions of employment.

37.     Defendant, GREGORY MORRIS, determined Plaintiff's rate and method of payment.

38.     Defendant, GREGORY MORRIS, maintained employment records.

39.     As such, Defendant, GREGORY MORRIS, is personally liable for violations of Plaintiff's rights to overtime and resulting damages.

40.     During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

41.     Plaintiff was only compensated "straight time" pay for overtime hours he worked for Defendant.

42.     Specifically, During his employment with Defendant, Plaintiff regularly worked over forty hours in a week, but did not receive complete compensation at the premium overtime rate of time and one half his regular rate of pay for *all* hours worked in excess of forty (40) per week.

43.     Defendant's activities in this regard resulted in Plaintiff not being paid and/or not receiving proper credit and pay for overtime hours worked on behalf of the Defendant.

44.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

45.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant, GREGORY MORRIS, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

46.     Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this $\underline{\phantom{17}}$th day of February 19, 2016.

Respectfully submitted,

J. Corey Moore, Esquire
FBN 0093615
Carlos V. Leach, Esquire
FBN: 0540021
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3422
Email: JMoore@forthepeople.com,
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*

JCM/rwm
2451492