# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Release is made and entered into between KENNETH VOGEL, his successors, agents and assigns (hereinafter referred to "PLAINTIFF"), and GREG MORRIS and PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC (hereinafter referred to as "DEFENDANTS"). This Settlement Agreement and Release is made in light of the following:

WHEREAS, PLAINTIFF alleges he was an employee of PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC: and

WHEREAS, PLAINTIFF filed a lawsuit styled KENNETH VOGEL v. PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC, Case No. 6:16-cv-317-Orl-18TBS, in the United States District Court for the Middle District of Florida, Orlando Division.

WHEREAS, DEFENDANTS deny that PLAINTIFF is due any monies or that DEFENDANTS have wronged PLAINTIFF in any way; and

WHEREAS, the Parties desire to reach an agreement to settle and forever resolve any and all claims and/or differences between them which could be raised by the Parties now or in the future arising out of PLAINTIFF'S employment with DEFENDANTS and the cessation of that employment, or any differences or claims of any kind whatsoever between the Parties.

1. **RELEASE**. DEFENDANTS, including their insurers, along with COCONUT POINT LIVING, LLC DBA PLANTATION OAKS SENIOR LIVING AT ORANGE BLOSSOM and PECAN TREE HOLDINGS, LLC, and their insurers, shall be collectively known as the "RELEASED PARTIES."[1] PLAINTIFF agrees to release and to hold harmless, now and forever, all claims of any kind whatsoever he may have or have had in the past, known or unknown, against the RELEASED PARTIES or any of their insurers or attorneys, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this release, including, without limitations, all claims for attorney's fees and costs, payments, wages, charges, benefits, actions and causes of action with respect to, arising from PLAINTIFF'S employment with the RELEASED PARTIES, as well as from all claims for personal injury, actual or potential, to the date of this Agreement or otherwise, other than claims employee may have to payment of vested benefits (if any) under the terms of the RELEASED PARTIES' qualified pension plans, if any, as amended from time to time. The claims released pursuant hereto, include, but are not limited to, claims arising under any federal, state or local statute, including, without limitation, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq., the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq., the Equal Pay Act, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq., the Florida Human Rights Act of 1992, Florida Stat. § 760 et seq., the Family and Medical leave Act of 1993, the Fair Labor Standards Act, the Florida Workers' Compensation Law, and all other statutes regulating

---

[1]   The RELEASED PARTIES and PLAINTIFF are sometimes collectively referred to as simply the "Parties."

the terms and conditions of employment, regulation or ordinance, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by the RELEASED PARTIES on behalf of themselves or their employees or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between PLAINTIFF and the RELEASED PARTIES. In consideration of this Agreement the PLAINTIFF waives any and all rights he may have under these laws as to events which have occurred prior to the date of this Agreement. Further, this Agreement covers and includes all unknown, unforeseen, unanticipated, and unsuspected damages, losses and liabilities, and the consequences thereof, as well as those now disclosed and known to exist, which are related to PLAINTIFF's employment with the RELEASED PARTIES. The provisions of any state, federal, foreign, local or territorial law, code or statute providing in substance that Releases shall not extend to claims, demands, injuries, damages, losses and liabilities, which are unknown or unsuspected to exist at the time herein to persons executing such Releases, are hereby expressly waived by PLAINTIFF.

In addition, the RELEASED PARTIES hereby unconditionally, fully and finally release and forever discharge PLAINTIFF from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which the RELEASED PARTIES have, ever had, or may in the future claim to have against PLAINTIFF based on any act or omission concerning any matter, cause, or thing before the date of this Agreement and up to the time of the execution of this Agreement.

  2. **NON-DISPARAGEMENT**. The Parties acknowledge that maintaining each other's good reputation in the community is of paramount importance. Accordingly, the Parties agree that they will not disparage or encourage or induce others to disparage the other, including the RELEASED PARTIES' current or former employees, by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, or otherwise. No party will act in bad faith to induce, encourage or instruct others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, or otherwise. If any party is contacted by any third party relating to Case No. 6:16-cv-317-Orl-18TBS or arising from PLAINTIFF'S employment with the RELEASED PARTIES, that party's sole response must be that the matter was resolved and the Parties agree to say nothing more.

In the event the RELEASED PARTIES are contacted regarding PLAINTIFF'S employment with the RELEASED PARTIES, the RELEASED PARTIES will provide a neutral reference including Plaintiff's job title, dates of employment, and salary. No other remarks, including no disparaging remarks, shall be made about PLAINTIFF.

The Parties agree that failure to abide by this provision shall entitle the aggrieved party (or parties) to seek damages from a court of competent jurisdiction.

3. **CONSIDERATION IN SETTLEMENT**. For and in consideration of the execution of this Agreement, the Parties agree that RELEASED PARTIES will pay the total sum of **$13,500.00**, as follows:

    A. A payroll check in the amount of $4,000.00 by DEFENDANTS made payable to Kenneth Vogel representing alleged unpaid minimum wages and overtime. This amount shall be treated as wages with the applicable taxes and legal deductions made; and

    B. A check in the amount of $5,000.00 made payable to Kenneth Vogel representing $4,000.00 for alleged liquidated damages by DEFENDANTS and $1,000.00 as additional consideration by the RELEASED PARTIES in exchange for a general release. No deductions shall be made from this check and a Form 1099 shall be issued; and

    C. A check by DEFENDANTS in the amount of $4,500.00 made payable to his attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

4. Upon receipt of the fully executed Agreement to occur on or before August 19, 2016, Plaintiff shall file the Parties' Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice. Payment of the above-amounts shall be due on or before 30 days of court's entry of an Order approving this Settlement Agreement. PLAINTIFF further acknowledges he received no opinion or advice from the RELEASED PARTIES with respect to the taxability, if any, of the payment made to him or his counsel.

5. PLAINTIFF has reviewed and acknowledged the terms, contents, conditions and effects of this Settlement Agreement and Release. PLAINTIFF further acknowledges that: (1) he has been advised to consult with an attorney prior to executing this Settlement Agreement and Release; (2) he has received no opinion or advice from the RELEASED PARTIES or their attorney with respect to the advisability of accepting or rejecting this settlement offer; (3) he is over the age of eighteen (18) years, of sound mind and otherwise competent to execute this Settlement Agreement and Release; and (4) he is entering into this Settlement Agreement and Release knowingly and voluntarily and without any undue influence or pressures.

6. The Parties recognize and agree that, by entering into this Settlement Agreement and Release, no admissions are made with respect to the merits of any claim which may or could have been raised by the other, and that this Settlement Agreement and Release is entered into solely for the purposes of amicably ending all disputes between the parties and avoiding the further costs, uncertainty and disruption of litigation. The Parties have consistently maintained that they have no liability to the other.

7. It is understood and agreed that this Settlement Agreement and Release shall be binding upon and inure to the benefit of the parties.

8. It is understood and agreed that this Settlement Agreement and Release contains the entire agreement between the parties and supersedes any and all prior agreements,

arrangements, and understandings between the parties relating to PLAINTIFF'S claims in this lawsuit. No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement and Release exist. This Settlement Agreement and Release cannot be changed or terminated orally.

9. It is understood and agreed that this Settlement Agreement and Release shall be governed by, construed and enforced in accordance with, and subject to, the laws of the State of Florida, without reference to Florida's conflicts of law principles, and that the Parties irrevocably consent to the jurisdiction of and venue before courts of competent jurisdiction in Orange County, Florida regarding any disputes arising under this Agreement. In the event of any litigation between the Parties arising out of this Settlement Agreement and Release, the prevailing party shall be entitled to recover their reasonable attorney's fees and costs, including at the trial and appellate levels.

10. It is understood and agreed that this Settlement Agreement and Release may be executed in multiple identical counterparts, each of which shall be deemed an original for all purposes. The Parties also agree that both Parties have had the opportunity to contribute to the drafting of this Agreement equally and that, in the event any issue arises as to interpretation of this Agreement, it shall not be interpreted against any Party as both Parties constitute the drafter.

11. In the event that an individual provision of this Settlement Agreement and Release is found to be legally unenforceable, such provision shall be severed from the contract, leaving the remainder intact and binding on all parties.

IN WITNESS WHEREOF, the parties execute this Settlement Agreement and Release in duplicate originals as reflected below:

_/s/ Kenneth Vogel_ Date: 08/19/16
KENNETH VOGEL, Plaintiff

_/s/_ Date: 8/19/16
Authorized Representative of PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC

_/s/_ Date: 8/19/16
Authorized Representative of COCONUT POINT LIVING, LLC DBA PLANTATION OAKS SENIOR LIVING AT ORANGE BLOSSOM

_/s/_ Date: 8/19/16
Authorized Representative of PECAN TREE HOLDINGS, LLC

_/s/_ Date: 8/19/16
Greg Morris, Defendant